Welch, J.
The plaintiff in error was indicted, in the court of ■common pleas of Brown county, for maliciously ^shooting at one Charles Detrick, with intent to kill him. He pleaded not guilty, and was tried and convicted at the November term, 1866, nnd sentenced to the penitentiary; and he now seeks to reverse tbe judgment for alleged errors in the proceeding. Several assignments of error are made, but it is only necessary to notice a single one, as in the opinion of the court that is conclusive of the case.
Upon the trial of the cause, the defendant introduced testimony tending to prove an alibi; and the court, after the evidence was closed, instructed the jury, among other things, as follows:
“ The defense of alibi, when proven, is a complete defense. By this plea the defendant admits that some person other than himself did, at the time alleged, maliciously shoot at the person Detrick, with intent to kill him, but that person was not and could not have been the defendant; that at the time of the shooting he was not there, but in another place, and so distant at the time the shooting is alleged to be proven by the state, that he could not have committed the criminal act complained of. This is an affirmative issue on the part of the defendant, and he must establish the facts that constitute this defense. ... If you are satisfied the defendant *532 has failed to establish the alibi, this failure is not to be regarded as* evidence of the guilt, but is a matter that may be taken into consideration in determining the weight and conclusiveness of the-evidence of the state as to the presence of defendant at the time of the alleged criminal act.”
To this part of the charge the counsel for the defendant excepted,, and they now insist that it was erroneous, and assign it as one of the grounds for reversal of the judgment.
We are satisfied that the court erred in this charge, and that the-judgment should therefore be reversed. It is by no means true in law, that the defense of alibi admits the body of the crime or offense-charged. It is an admission of nothing that is charged in the indictment, and denied by the general plea of not guilty. It is not a plea, but a defense under the plea of not guilty. By this defense, the prisoner does not allege that he was elsewhere when the crime was committed; *but that he was elsewhere when it is charged to have been committed. It is competent for him, at the same time, to deny that any crime was committed, and also to allege his absence-from the place when and where it is said to have been committed. The two defenses are perfectly consistent with each other, and may both well rest upon fact in the same case. It is true, as the coux-t say,. that where the attempt to prove the alibi fails, the evidexxce offered in support of it may nevertheless be considered by the jury as-otherwise affecting the case, than in its beaxdng upon the pax-ticularquestion of the alibi. The defendant’s case is often much weakened by an unsuccessful attempt to prove an alibi. But this result happens not because of any implied or technical admission involved in; the attempt, but because of fraud and subornation of perjury manifested in the attempt. In many cases, however, a false defense of this nature is innocently intex’posed, under a mistake as to dates, or the order of events. In other cases the defense is true, and the evidence fails to establish it. But in no pase can the attempt beheld to ixxvolve an admissioxx of crime, or the simple failure to establish it afford any presumption of defendant’s presence at the time and place when and where the crime was committed. It is simply a failure to prove that he was at the particular place xiamed in the defense, and is no more evidence of his being at the place charged,, than it is of his being at any other place. It can have no effect upon the question of his presence at the place charged, otherwise- *533 ¡than by disclosing falsehood and prevarication, and thus affording jgeneral evidence of guilt.

Judgments reversed, and cause remanded.

Scott, C. J., and Day, White, and Brinkerhopf, JJ., concurred.